In the Matter of: WILLIAM H. MILLER v. NORTH CAROLINA STATE BOARD OF REGISTRATION FOR PROFESSIONAL ENGINEERS AND LAND SURVEYORS

No. 370PA87

(Filed 2 June 1988)

On discretionary review of the decision of the Court of Appeals, 86 N.C. App. 91, 356 S.E. 2d 793 (1987), reversing a judgment entered by *Brannon, J.*, on 21 July 1986, in Superior Court, WAKE County. Heard in the Supreme Court on 10 February 1988.

*Maupin Taylor Ellis & Adams, P.A., by William W. Taylor, Jr., John C. Cooke, and Ronald R. Rogers, for plaintiff-appellee.*

*Bailey & Dixon, by David M. Britt, Wright T. Dixon, Jr., and Dorothy V. Kibler, for defendant-appellant.*

PER CURIAM.

The Court of Appeals reversed the judgment of the trial court and vacated a decision of the North Carolina State Board of Registration for Professional Engineers and Land Surveyors (Board). The Board's decision reprimanded petitioner and suspended his license.

The Notice of Action Without Hearing sent to petitioner by the Board informed petitioner that the Board's "intended action" was a reprimand and fine. While the applicable disciplinary statute (N.C.G.S. § 89C-21) permits the Board to suspend or even revoke petitioner's license, the notice to him was misleading, lulling him into believing that his conduct would, at most, result in a reprimand or fine—not suspension of his license. The Court of Appeals was thus correct in vacating the Board's decision.

The Court of Appeals held that petitioner was entitled to notice that the proceedings could result in the suspension of his license. N.C.G.S. § 89C-22 provides that such proceedings shall be heard in accordance with Chapter 150A (now Chapter 150B) of the General Statutes. At the time of the hearing in the case *sub judice*, N.C.G.S. § 150A-3(b) required the Board to give notice "of alleged facts or alleged conduct warranting the *intended action*." (Emphasis added.) The Board, in its notice to petitioner, limited its "intended action" to a fine and a reprimand, although the applicable disciplinary statute, N.C.G.S. § 89C-21, authorizes disciplinary action ranging from a fine to license revocation. The Court of Appeals held that the Board was precluded from imposing the greater sanction of license suspension. We agree with the Court of Appeals.

The Administrative Procedures Act was amended and recodified at N.C.G.S. § 150B-1 through § 150B-64, effective 1 January 1986. Under the recodification, the language requiring notice "of alleged facts or alleged conduct warranting the intended action" was omitted from N.C.G.S. § 150B-3(b) (formerly § 150A-3(b)).

That section now requires that before commencement of proceedings involving an occupational license the agency shall give notice in accordance with N.C.G.S. § 150B-38. Section 150B-38(b)(2) requires licensing boards to include in their notices "[a] reference to the particular sections of the statutes and rules involved." The statute does not appear to require a board to state which sanction under the applicable disciplinary statute it intends to impose. However, once a board states with specificity that it is proposing to impose only one or two sanctions available under a referenced disciplinary statute for the stated alleged infractions, the board is then precluded from imposing a greater sanction for these infractions. Thus, it would appear that under either the old or the amended statute, the result would be the same in the instant case.

The decision of the Court of Appeals, which reversed the judgment of the trial court and vacated the decision of the Board, is affirmed. The Board, of course, may reinstate proceedings on the same facts, if it so desires.

Affirmed.